## City of Bloomington v. Minnie G. Streat.

1. JURY—*To Reconcile Conflicts of Testimony.*—It is the province of the jury to reconcile conflicts of evidence and to determine what damages, if any, the party suing ought to recover.

Trespass, for damage to real estate. Trial in the County Court of McLean County; the Hon. R. A. RUSSEL, Judge, presiding. Verdict

and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Affirmed. Opinion filed October 5, 1898.

WILLIAM R. BACH, attorney for appellant; SIGMUND LIVINGSTON, of counsel.

KERRICK & BRACKEN, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

The appellee sued the appellant in the Circuit Court of McLean County, to recover damages to her lot in Bloomington, fronting on Wood street, by reason of the construction (by the appellant) of a brick pavement with stone curbing thirty feet and eight inches wide on said street, so that a part thereof was placed on her said lot, so that the street was raised some two or three feet above what it was before, and that height above her lot. The declaration contained two counts in trespass and one in case.

The appellant pleaded not guilty and a plea of *liberum tenementum*, upon which issue was joined and trial had by jury, resulting in a verdict and judgment for the appellee for $25 and costs.

The appellant brings the case to this court by appeal, and urges a reversal of the judgment on the ground that (1) the verdict is against the law and evidence; (2) the Circuit Court erred in its rulings on the evidence; and (3) the Circuit Court erred in its rulings on the instructions. The evidence shows the brick pavement and curbing was constructed on Wood street in the city of Bloomington, in front of the lot of the appellee, by the appellant, and there was a conflict in the evidence as to whether or not a few inches thereof extended over onto appellee's lot; and that the construction of this improvement raised the street some eighteen inches above appellee's lot, and that much higher than the street was before. The evidence was also conflicting as to whether the effect of this improvement was to increase or decrease the value of this lot, and to what extent.

To reconcile this conflict and to determine what damages,

if any, the appellee ought to recover, was the province of the jury; and from all the evidence in this record we will not disturb their finding on these.

The rulings of the Circuit Court, on the evidence and instructions, were not prejudicial to the appellant, as complained of by it, but were fair and reasonable; hence we will not reverse the judgment on that account.

The appellee has filed in this court an additional abstract of the record, claiming that, from omissions and otherwise, the abstract filed by the appellant is unfair, for which reason the appellee moves that we order the cost of the additional abstract taxed to the appellant.

· We have compared the abstract filed by the appellant with the record, but failed to find that, by reason of omissions or otherwise, it was so unfair as to render it necessary for the appellee to file the additional abstract; therefore we deny her motion to order the cost of the additional abstract taxed to the appellant.

Finding no reversible error in this record we affirm the judgment of the Circuit Court.    Judgment affirmed.